MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
DAVID ZAMORA, JACIEL SAMUEL
RAMIREZ, and JOSE LUIS ZAMORA,
*individually and on behalf of others similarly*
*situated,*

<b>COMPLAINT</b>

<i>Plaintiffs</i>,

<b>COLLECTIVE ACTION UNDER</b>

-against-

<b>29 U.S.C. § 216(b)</b>

TATSU RESTAURANT LLC (D/B/A
NATSUMI), MASA 8 LLC  (D/B/A
NATSUMI TAPAS), BARBERA
MATSUMURA , HARU KONAGAYA AKA
KEN , and SWASCY PINGHAPSARI ,

<b>ECF Case</b>

<i>Defendants.</i>

-------------------------------------------------------X

Plaintiffs David Zamora, Jaciel Samuel Ramirez, and Jose Luis Zamora , individually and

on behalf of others similarly situated (collectively, "Plaintiffs"), by and through their attorneys,

Michael Faillace & Associates, P.C., upon their knowledge and belief, and as against Tatsu

Restaurant LLC (d/b/a Natsumi), Masa 8 LLC (d/b/a Natsumi Tapas), ("Defendant Corporations"),

Barbera Matsumura,   Haru  Konagaya aka Ken, and   Swascy Pinghapsari, ("Individual

Defendants"), (collectively, "Defendants"), allege as follows:

## NATURE OF ACTION

1.      Plaintiffs are former employees of Defendants Tatsu Restaurant LLC (d/b/a Natsumi), Masa 8 LLC (d/b/a Natsumi Tapas), Barbera Matsumura, Haru Konagaya aka Ken, and Swascy Pinghapsari.

2.       Defendants own, operate, or control a Japanese Restaurant, located at 226 W 50th St., New York, NY 10019 under the name "Natsumi" and at 323 3rd Ave, New York, NY 10010 under the name "Natsumi Tapas".

3.      Upon information and belief, individual Defendants Barbera Matsumura, Haru Konagaya aka Ken, and Swascy Pinghapsari, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the restaurants as a joint or unified enterprise.

4.      Plaintiffs were employed as a food preparer, cook, and delivery workers at the restaurants located at 226 W 50th St., New York, NY 10019 and 323 3rd Ave, New York, NY 10010.

5.      At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that they worked.

6.      Rather, Defendants failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.      Further, Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which they had to work over 10 hours a day.

8.      Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

9.      At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

10.     Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

11.     Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

13.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a Japanese Restaurant located in this district. Further, Plaintiffs were employed by Defendants in this district.

## **PARTIES**

### *Plaintiffs*

14.     Plaintiff David Zamora ("Plaintiff Zamora" or "Mr. Zamora") is an adult individual residing in Bronx County, New York.

15.     Plaintiff Zamora was employed by Defendants at Natsumi from approximately March 2018 until on or about March 15, 2020.

16.     Plaintiff Jaciel Samuel Ramirez ("Plaintiff Ramirez" or "Mr. Ramirez") is an adult individual residing in Berks County, Pennsylvania.

17.     Plaintiff Ramirez was employed by Defendants at Natsumi from approximately November 2017 until on or about March 15, 2020.

18.     Plaintiff Jose Luis Zamora ("Plaintiff Jose Luis" or "Mr. Jose Luis") is an adult individual residing in Berks County, Pennsylvania.

19.     Plaintiff Jose Luis was employed by Defendants at Natsumi and Natsumi Tapas from approximately June 2017 until on or about July 22, 2020.

### *Defendants*

20.     At all relevant times, Defendants owned, operated, or controlled a Japanese Restaurant, located at 226 W 50th St., New York, NY 10019 under the name "Natsumi" and at 323 3rd Ave, New York, NY 10010 under the name "Natsumi Tapas".

21.     Upon information and belief, Tatsu Restaurant LLC (d/b/a Natsumi) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 226 W 50th St., New York, NY 10019.

22.     Upon information and belief, Masa 8 LLC (d/b/a Natsumi Tapas) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 323 3rd Ave, New York, NY 10010.

23.     Defendant Barbera Matsumura is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Barbera Matsumura is sued individually in her capacity as owner, officer and/or agent of Defendant Corporations. Defendant Barbera Matsumura possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. She determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

24.     Defendant Haru Konagaya aka Ken is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Haru Konagaya aka Ken is sued individually in his capacity as a manager of Defendant Corporations. Defendant Haru Konagaya aka Ken possesses operational control over Defendant Corporations and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

25.     Defendant Swascy Pinghapsari is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Swascy Pinghapsari is sued individually in his capacity as a manager of Defendant Corporations. Defendant Swascy Pinghapsari possesses operational control over Defendant Corporations and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees

of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

26.     Defendants operate two Japanese Restaurants located in two neighborhoods in Manhattan.

27.     Individual Defendants, Barbera Matsumura, Haru Konagaya aka Ken, and Swascy Pinghapsari, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, or control significant functions of Defendant Corporations.

28.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

29.     Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

30.     Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

31.     In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

32.     Upon information and belief, Individual Defendant Barbera Matsumura operate Defendant Corporations as either alter egos of herself and/or fails to operate Defendant Corporations as entities legally separate and apart from herself, by among other things:

a) failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

b) defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporations for her own benefit as the sole or majority shareholder,

e) operating Defendant Corporations for her own benefit and maintaining control over these corporations as closed corporations,

f) intermingling assets and debts of her own with Defendant Corporations,

g) diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect her own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

33. At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

34. In each year from 2017 to 2020, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

35.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurants on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiffs*

36.     Plaintiffs are former employees of Defendants who were employed as a food preparer, a cook, and delivery workers

37.     Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff David Zamora*

38.     Plaintiff Zamora was employed by Defendants from approximately March 2018 until on or about March 15, 2020.

39.     Defendants employed Plaintiff Zamora as a delivery worker.

40.     Plaintiff Zamora regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

41.     Plaintiff Zamora's work duties required neither discretion nor independent judgment.

42.     Throughout his employment with Defendants, Plaintiff Zamora regularly worked in excess of 40 hours per week.

43.     From approximately March 2018 until on or about March 15, 2020, Plaintiff Zamora worked from approximately 4:00 p.m. until on or about 11:00 p.m.  three days a week and from approximately 4:00 p.m. until on or about 1:00 a.m., three days a week (typically 48 hours per week).

44.     Throughout his employment, Defendants paid Plaintiff Zamora his wages in a combination of check and cash.

45.     From approximately March 2018 until on or about March 15, 2020, Defendants paid Plaintiff Zamora $15.00 per hour.

46.     Defendants never granted Plaintiff Zamora any breaks or meal periods of any kind.

47.     On a number of occasions, Defendants required Plaintiff Zamora to sign a document, the contents of which he was not allowed to review in detail.

48.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Zamora regarding overtime and wages under the FLSA and NYLL.

49.     Defendants did not provide Plaintiff Zamora an accurate statement of wages, as required by NYLL 195(3).

50.     In fact, Defendants adjusted Plaintiff Zamora's paystubs so that they reflected inaccurate wages and hours worked.

51.     Defendants did not give any notice to Plaintiff Zamora, in English and in Spanish (Plaintiff Zamora's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

52.     Defendants required Plaintiff Zamora to purchase "tools of the trade" with his own funds—including his uniform including shoes, shirts, and pants.

*Plaintiff Jaciel Samuel Ramirez*

53.     Plaintiff Ramirez was employed by Defendants from approximately November 2017 until on or about March 15, 2020.

54.     Defendants employed Plaintiff Ramirez as a dishwasher.

55.     Plaintiff Ramirez regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

56.     Plaintiff Ramirez's work duties required neither discretion nor independent judgment.

57.     Throughout his employment with Defendants, Plaintiff Ramirez regularly worked in excess of 40 hours per week.

58.     From approximately November 2017 until on or about March 15, 2020, Plaintiff Ramirez worked from approximately 2:00 p.m. until on or about 11:00 p.m. three days a week and from approximately 2:00 p.m. until on or about 12:00 a.m., three days a week (typically 57 hours per week).

59.     Throughout his employment, Defendants paid Plaintiff Ramirez his wages by check.

60.     From approximately November 2017 until on or about December 2018, Defendants paid Plaintiff Ramirez $13.00 per hour.

61.     From approximately January 2019 until on or about March 15, 2020, Defendants paid Plaintiff Ramirez $15.00 per hour.

62.     Defendants required Plaintiff Ramirez to sign a document, the contents of which he was not allowed to review in detail, in order to release his weekly pay.

63.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Ramirez regarding overtime and wages under the FLSA and NYLL.

64.     Defendants did not provide Plaintiff Ramirez an accurate statement of wages, as required by NYLL 195(3).

65.     In fact, Defendants adjusted Plaintiff Ramirez's paystubs so that they reflected inaccurate wages and hours worked.

66.     Defendants did not give any notice to Plaintiff Ramirez, in English and in Spanish (Plaintiff Ramirez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

67.     Defendants required Plaintiff Ramirez to purchase "tools of the trade" with his own funds—including a bicycle.

*Plaintiff Jose Luis Zamora*

68.     Plaintiff Jose Luis was employed by Defendants from approximately June 2017 until on or about July 22, 2020.

69.     Defendants employed Plaintiff Jose Luis as a food preparer, cook and a dishwasher.

70.     Plaintiff Jose Luis regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

71.     Plaintiff Jose Luis's work duties required neither discretion nor independent judgment.

72.     From approximately June 2017 until on or about December 2018, Plaintiff Jose Luis worked from approximately 10:00 a.m. until on or about 10:00 p.m., 2 days a week and from approximately 2:00 p.m. until on or about 10:00 p.m., 4 days a week (typically 52 hours per week).

73.     From approximately January 2019 until on or about July 2020, Plaintiff Jose Luis worked at Natsumi Tapas from approximately 3:00 p.m. to 4:00 p.m. until on or about 10:00 p.m., 1 to 2 days a week (typically 7 to 14 hours per week).

74.     Throughout his employment, Defendants paid Plaintiff Jose Luis his wages by check.

75.     From approximately January 2017 until on or about December 2017, Defendants paid Plaintiff Jose Luis $14.00 per hour.

76.     From approximately January 2018 until on or about July 2020, Defendants paid Plaintiff Jose Luis $15.00 per hour.

77.     Defendants required Plaintiff Jose Luis to sign a document, the contents of which he was not allowed to review in detail, in order to release his weekly pay.

78.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Jose Luis regarding overtime and wages under the FLSA and NYLL.

79.     Defendants did not provide Plaintiff Jose Luis an accurate statement of wages, as required by NYLL 195(3).

80.     Defendants did not give any notice to Plaintiff Jose Luis, in English and in Spanish (Plaintiff Jose Luis's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

81.     Defendants required Plaintiff Jose Luis to purchase "tools of the trade" with his own funds—including knives.

*Defendants' General Employment Practices*

82.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

83.     Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

84.     Defendants' pay practices resulted in Plaintiffs not receiving payment for all their hours worked, and resulted in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

85.     Defendants failed to inform Plaintiffs who received tips that Defendants intended to take a deduction against Plaintiffs' earned wages for tip income, as required by the NYLL before any deduction may be taken.

86.     Defendants failed to inform Plaintiffs who received tips, that their tips were being credited towards the payment of the minimum wage.

87.     Defendants failed to maintain a record of tips earned by Plaintiffs who worked as delivery workers for the tips they received.

88.     Defendants required Plaintiffs to sign a document the contents of which they were not allowed to review in detail, in order to release their weekly wages.

89.     Defendants paid Plaintiffs their wages in checks which did not show the hours they actually worked and cash.

90.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

91.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

92.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

93.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated former workers.

94.     Defendants failed to provide Plaintiffs  and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

95.     Defendants failed to provide Plaintiffs  and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## **FLSA COLLECTIVE ACTION CLAIMS**

96.     Plaintiffs bring their FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

97.     At all relevant times, Plaintiffs and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage and overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA under the FLSA.

98.     The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

99.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

100.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiffs (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

101.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

102.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

103.    Defendants failed to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

104.    Defendants' failure to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

105.     Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

106.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

107.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

108.     Defendants' failure to pay Plaintiffs (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

109.     Plaintiffs (and the FLSA Class members)were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

110.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

111.     At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rates and methods of any compensation in exchange for their employment.

112.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

113.     Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

114.     Plaintiffs were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

115.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

116.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs' overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

117.     Defendants' failure to pay Plaintiffs' overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

118.     Plaintiffs were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

## OF THE NEW YORK COMMISSIONER OF LABOR

119.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

120.     Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

121.     Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

122.     Plaintiffs were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

123.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

124.     Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

125.     Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

126.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

127.     With each payment of wages, Defendants failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

128.     Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

### RECOVERY OF EQUIPMENT COSTS

129.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

130.     Defendants required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, further reducing their wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

131.     Plaintiffs were damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(d)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs and the FLSA Class members;

(e)     Awarding Plaintiffs and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)     Awarding Plaintiffs and the FLSA Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(h)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)     Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiffs;

(j)     Declaring that Defendants violated the notice requirements of the NYLL with respect to Plaintiffs' (and the FLSA and Rule 23 class members) compensation, hours, wages and any deductions or credits taken against wages;

(k)     Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiffs;

(l)     Awarding Plaintiffs damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(m)     Awarding Plaintiffs damages for Defendants' violation of the NYLL notice provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n)     Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o)     Awarding Plaintiffs and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(p)      Awarding Plaintiffs and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(q)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

 Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated:  New York, New York

October 25, 2021

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:  _____/s/ Michael Faillace_____
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165
Faillace@employmentcomplieance.com

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

October 12, 2021

BY ELECTRONIC SIGNATURE

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                     David Zamora

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:                 _____
                                   David Zamora

Date / Fecha:                      October 12, 2021_____

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510                                          Telephone: (212) 317-1200
New York, New York 10165                                          Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

October 14, 2021

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Jasiel Zamora Ramirez

Legal Representative / Abogado:     Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                     14 de octubre 2021

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165
Faillace@employmentcomplieance.com

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

October 13, 2021

BY ELECTRONIC SIGNATURE

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Jose Luis Zamora

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                            13 de octubre de 2021