# CSM Legal, P.C.
Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510            Telephone: (212) 317-1200
New York, New York 10165            Facsimile: (212) 317-1620
_____

May 23, 2022

**Via ECF**
Honorable Katherine Polk Failla
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007



       Re:    David Zamora, et al v. Tatsu Restaurant LLC, et al
               Docket No.: 21-cv-08807 (KPF)

Your Honor:

     Our office represents Plaintiffs in the above-referenced matter. I write to respectfully request the Court to approve the settlement agreement ("the Agreement") reached by the Parties herein as "fair and reasonable." *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012). A copy of the Agreement is attached hereto as Exhibit A.

     Plaintiffs have agreed to settle all of their claims in this action. Specifically, the Parties and their counsel have considered that the interests of all concerned are best served by compromise, settlement, and dismissal of these claims with prejudice, in exchange for the consideration set forth in the Agreement. The Agreement is the result of arms-length bargaining between experienced counsel that was reached prior to mediation. There was no fraud or collusion by any of the Parties during the settlement process. The Agreement reflects a desire by the Parties to fully and finally settle and compromise all of Plaintiffs' claims asserted in this case as outlined more specifically in the attached Agreement.

     The Parties have concluded that the Agreement is fair, reasonable, adequate, and in their mutual best interests. For these reasons, and based on the reasons set forth below, Plaintiffs respectfully request that that Court enter an Order approving the Agreement as fair and reasonable.

I.    **Background**

     Plaintiffs filed a Complaint against Defendants alleging claims for unpaid minimum wages, overtime compensation, and spread of hours pay; the failure to provide wage notices; the failure to provide accurate wage statements; unreimbursed tools of the trade; and liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and applicable regulations. Plaintiffs allege that they are entitled to back wages of approximately $26,567.50 and would be entitled to up to approximately $121,271.82, which represents alleged unpaid wages, penalties, and interest, but excludes attorneys' fees and costs. A copy of Plaintiffs'

damages chart, breaking down each amount sought from Defendants, is attached hereto as Exhibit B.

Plaintiffs contend that they were employed by Defendants at two Japanese restaurants one of which was located at 226 West 50th Street, New York, New York 10019, operating under the name Natsumi, and the second of which was located at 323 Third Avenue, New York, New York 10010, operating under the name Natsumi Tapas. Plaintiffs were employed by Defendants from approximately June 15, 2017 until on or about March 15, 2020. Plaintiffs allege that Defendants engaged in a variety of FLSA and NYLL violations, including the failure to pay lawful wages and notice and recordkeeping violations.

Defendants deny the allegations in the Complaint, deny any wrongdoing, and deny any liability that might cause Plaintiffs to be entitled to the above-claimed sums.

## II.     The Proposed Settlement is Fair and Reasonable

The Parties have agreed to settle this action for the total sum of $24,000.00. Pursuant to the Agreement, the Settlement Amount shall be paid in a lump-sum payment within ten days after the occurrence of the following four prerequisites: (1) full execution of the Agreement; (2) expiration of the revocation period as defined and referenced in Paragraph 10(k) below; (3) judicial approval of the Agreement; and (4) judicial dismissal and closure of this case with prejudice as reflected by the case civil docket sheet.

Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07-cv-00086, 2008 U.S. Dist. LEXIS 46174, at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09-cv-08337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.")

The proposed settlement represents a reasonable compromise between the strengths and weaknesses of the Parties' respective positions. Having conferred with Defendants, it became clear that there were contested factual and legal disputes amongst the Parties. Towards that end, Defendants' records purported to show that Plaintiffs did not work the number of hours that they claimed to have worked. Accordingly, Defendants alleged that, even if Plaintiffs succeeded on liability, their damages were less than what they claimed them to be. Moreover, Defendants have limited financial resources with which to settle Plaintiffs' claims or satisfy a judgment, and therefore it would have been difficult for Plaintiffs to enforce a large judgment against Defendants and collect it in full.

Considering these risks, and the inherent risks, burdens, and expenses of proceeding to trial, Plaintiffs believe that this settlement is an excellent result, and should be approved as fair. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an

adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.")

### III.    Plaintiffs' Attorneys' Fees are Fair and Reasonable

Under the settlement agreement, Plaintiffs' counsel will receive $8,000.00 from the settlement fund as attorneys' fees and costs. This represents one third of the recovery in this litigation.

Plaintiffs' counsel's lodestar in this case is $2,920.00, and Plaintiffs' costs are $402.00. A copy of Plaintiffs' billing record is attached as "Exhibit C." The amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Castaneda v. My Belly's Playlist LLC,* No. 15-cv-01324 (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069, at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit.") In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. 41, 60 (E.D.N.Y. 2010); *see also McDaniel v. City. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010).

The undersigned is the only attorney at CSM Legal, P.C. who performed billable work on behalf of Plaintiffs. Towards that end, set forth below is my biography and effective billable rate which Plaintiffs respectfully request the Court to apply should the Court undertake a lodestar analysis of the fairness of such fees (*see*, *e.g, Arbor Hill Concerned Citizens Neighborhood Assoc. v. County of Albany*, 493 F. 3d 110 (2d Cir. 2007)):

> i.    I, William K. Oates, am an associate at CSM Legal, P.C., formerly Michael Faillace & Associates, P.C. I graduated New York Law School in 1995, and am admitted to the New York Bar, United States District Court, Southern District of New York, and the United States District Court, Eastern District of New York. Since law school I have practiced labor and employment law, civil litigation, and commercial litigation at the New York City Office of the Corporation Counsel and at a number of private law firms. Since joining Michael Faillace & Associates, P.C. in December 2020, and CSM Legal, P.C. in November 2021, I have been responsible for a caseload involving all aspects of the firm's wage and hour matters in federal court. My work is billed at the rate of $400.00 per hour.

Should Your Honor have any questions or concerns regarding this settlement, the Parties are happy to address them.

May 23, 2022
Page 4

Plaintiffs thank the Court for its time and consideration of this matter.

Respectfully submitted,

/s William K. Oates
William K. Oates, Esq
CSM Legal, P.C.
*Attorneys for Plaintiffs*

Attachments

cc:   David B. Feldman, Esq. (via ECF)

```
The Court has reviewed the settlement documents for fairness in
accordance with the FLSA and Second Circuit law, see, e.g.,
Cheeks v. Freeport Pancake House, 796 F. 3d 199 (2d Cir. 2015),
and has concluded that the terms are fair and reasonable.  It
should be noted, however, that the Court is not in this
endorsement opining specifically on the reasonableness of the
rates charged by the attorneys and paralegals representing
Plaintiff.

Accordingly, the settlement is approved, and the Clerk of Court
is directed to terminate all pending motions, adjourn all
remaining dates, and close this case.

Dated:    May 24, 2022              SO ORDERED.
          New York, New York
```

*[signature: Katherine Polk Failla]*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE